FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WAAZEER NELLDELL**<br><br>Plaintiff,<br><br>v.<br><br>**MSI CREDIT SOLUTIONS, LLC,**<br>**Sometimes d/b/a HOMEPATH 360,**<br><br>Defendant.<br>_____ | CASE NO. 3:21-CV-1548-K |

**CONSENT MOTION TO REMAND**
**TO THE STATE COURT OF DEKALB COUNTY, GEORGIA**

**INTRODUCTION**

COMES NOW Plaintiff, with the consent of the Defendant MSI Credit Solutions, LLC, and moves to remand this case to the State Court of DeKalb County, Georgia. This matter was originally filed in the State Court of DeKalb County, Georgia. Dkt. 1-1. On May 20, 2021, Defendant removed this action to the Northern District of Georgia, which transferred this action to this Court when Plaintiff consented to Defendant's Motion to Transfer. Dkt. 8.

On November 12, 2021, Defendant filed a Motion to Dismiss attacking this Court's jurisdiction as to Count I of Plaintiff's complaint. Dkt. 42. In Count I,

-1-

Plaintiff alleged that Defendant violated 15 U.S.C. § 1681b(b)(2), which prohibits an employer from pulling a consumer report without a clear and conspicuous disclosure to the consumer, on a document consisting solely of the disclosure, that the employer intends to procure the report for employment purposes, and the consumer's subsequent consent. On November 10, 2021, the parties mediated a class-wide settlement of all claims, including Count I.

After *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Federal Courts have been divided on whether they have subject matter jurisdiction over claims alleging violations of section 1681b(b)(2). *Cf. Syed v. MI, LLC*, 853 F.3d 492 (9th Cir. 2017) (finding jurisdiction); *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623 (E.D. Va. 2016) (same) *with Dyson v. Sky Chefs, Inc.*, No. 3:16-cv-3155-B, 2017 WL 2618946, at * 7 (N.D. Tex. June 16, 2017) (finding no jurisdiction). Although there is no binding Fifth Circuit case on point, plaintiff believes this Court *has* jurisdiction for the reasons articulated in *Syed* and *Thomas*.

However, recognizing this uncertainty among the Federal Courts, Plaintiff believes it is prudent for this Court to resolve any doubts in favor of remand in order to complete the settlement. *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). This would avoid the

possibility that the settlement is upset by developments in the still evolving law of standing in the context of the Fair Credit Reporting Act. *See, e.g., Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020)(divided Eleventh Circuit sitting en banc vacated settlement that had previously been finally approved by the District Court and affirmed by two panel opinions).[1]

For the reasons articulated below, Plaintiff believes there is substantially less concern as to the jurisdiction of the Georgia State Court, certainly with respect to a settlement at the pleadings stage. Accordingly, he respectfully requests this case be remanded to the State Court of DeKalb County, Georgia.

## AUTHORITY and ARGUMENT

**A.     Article III Standing Implicates Federal Subject Matter Jurisdiction.**

"Article III of the Constitution confines the reach of federal jurisdiction to 'Cases' and 'Controversies.'" *Palm Beach Golf-Center-Boca, Inc. v. Sarris*, 781 F. 3d 1245, 1250 (11th Cir. 2015) quoting *Alabama-Tombigbee Rivers Coal. v. Norton*, 338 F.3d 1244, 1252 (11th Cir.2003).  Because Article III standing "implicates our subject matter jurisdiction, [it] accordingly must be addressed as a threshold

---

[1] The *Muransky* settlement has since been approved in the Circuit Court of Cook County, Illinois and is pending appeal in Illinois. *See* http://www.godivafactasettlement.com/media/3384724/gvp_final_order.pdf

matter prior to the merits of its underlying claims." *Id*. The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *See also African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014)("The removing party must bear the burden of showing that removal is proper."). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Id.* quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

### B. State Courts are not Bound by Article III.

While Article III limits the jurisdiction of Federal Courts, the Supreme Court has made clear that "…the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." *Asarco v. Kadish*, 490 U.S. 605, 617 (1989). "Although the state courts are not bound to adhere to federal standing requirements, they possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own

interpretations of federal law." *Id. See also Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013) (recognizing that "Article III does not apply" in California courts).

"While some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not... it is clear that Article III's 'case or controversy' limitations apply only to the federal courts[.]" *Smith v. Wisconsin Dept. of Agriculture*, 23 F. 3d 1134, 1142 (7th Cir. 1994) *citing Asarco*, 490 U.S. at 617. Accordingly, cases must be remanded, even when a federal question or diversity is asserted, in the absence of Article III standing. *Smith* at 1142; *Mack v. USAA Casualty Ins. Co.*, 994 F. 3d 1353, 1359 (11th Cir. 2021); *Maine Ass'n of Interdependent Neighborhoods v. Com'r, Maine Dep't of Human Servs.*, 876 F.2d 1051 (1st Cir.1989) (J. Breyer) (requiring remand, rather than dismissal, of a federal claim for a determination of standing under Maine law); *Coyne v. American Tobacco Co.*, 183 F. 3d 488, 496-97 (6th Cir. 1999) (after finding diversity but no standing, requiring remand rather than dismissal).

**C.     The State Court of DeKalb County has Jurisdiction.**

As an initial matter, Georgia's "standing doctrine is 'the business' of its own courts; 'it is not for [this court] to venture how the case would there be resolved.'" *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). Rather, "[a]ny 'doubts regarding whether removal jurisdiction is proper should be resolved

against federal jurisdiction.'" *Lucien*, 756 F.3d at 793. Notwithstanding, the State Court of DeKalb County, Georgia has jurisdiction, regardless of whether it ultimately agrees with *Syed* (supra) and *Thomas* (supra) or *Dyson* (supra).

### 1. Georgia Courts Recognize a Remedy for any Invasion of a Private Legal Right.

Georgia courts are "not bound to follow federal standing law. Standing is a question of judicial power to adjudicate a dispute, and the text, history, and precedents relating to judicial power under the Georgia Constitution and the United States Constitution are not identical." *Black Voters Matter Fund, Inc. v. Kemp*, 870 S.E.2d 430, 438 (Ga. 2022). Georgia has ample authority for the exercise of jurisdiction over the vindication of private rights, even in the absence of other additional harm.

The Georgia Constitution vests the judicial power of the State into classes of courts which includes the "state courts." Ga. Const. of 1983, Art. VI, Sect. I, Para. I. The Georgia Constitution then vests in the legislature the complete power to define the jurisdiction of the state courts "by law," with the only express limitation being that such jurisdiction be uniform throughout the State. Ga. Const. of 1983, Art. VI, Sect. III, Para. I.[2] The General Assembly has established

---

[2] Defendant cited to Ga. Const. of 1983, Art. IV, Sect. VI in its brief, dkt. 42, which pertains to the Board of Natural Resources. Plaintiff assumes that it was

that state courts shall have jurisdiction over "[t]he trial of all civil actions without regard to the amount in controversy, except those actions in which exclusive jurisdiction is vested in the superior courts." O.C.G.A. § 15-7-4(a)(2).

Indeed, only a truly neutral jurisdictional rule could overcome the presumption that state courts are *required* to hear federal statutory claims. *Haywood v. Drown*, 556 U.S. 729, 734-36 (2009) (New York jurisdictional rule unconstitutionally discriminated against federal claims). Beyond the express words of the Georgia Constitution granting the legislature the full power to grant jurisdiction to state courts "by law," the Georgia Supreme Court has recognized the right of the General Assembly to confer a right of action in Georgia Courts. *See, e.g. Brissey v. Ellison*, 526 S.E.2d 851 (Ga. 2000) (In a case remanded from Federal Court for lack of Article III standing, recognizing that O.C.G.A. § 9-6-24 codified the longstanding principle that citizens may seek an injunction based merely on the interest of having the laws executed and public duty enforced).

Unlike in federal court, it has long been the law of the State of Georgia that a violation of one's rights, by itself, is an injury sufficient to bring suit in State

---

intending to reference Ga. Const., Art. VI, Sect. IV, which refers to the jurisdiction of Georgia's *Superior* Courts. The jurisdiction of Georgia's *State* Courts, however, are governed by Ga. Const., Art. VI, Sect. III and OCGA § 15-7-4.

courts. *Land v. Boone*, 265 Ga. App. 551, 554 (2004)("The law infers some damage from the tortious invasion of rights and allows nominal damages when there is no evidence of a particular loss to vindicate the rights of the plaintiff. (internal citation omitted). Breach of a duty imposed by law without other damages gives a right to recover nominal damages to vindicate such rights which are invaded."). "The law tolerates no further inquiry than whether there has been the violation of a right. If so, the party injured is entitled to maintain his action for nominal damages in vindication of his right..." *Nat'l Exchange Bank v. Sibley*, 71 Ga. 726, 734 (1883). *See also* OCGA § 9-2-3 ("For every right there shall be a remedy; every court having jurisdiction of the one may, if necessary, frame the other.").

    Because the General Assembly has authority to create private rights and confer jurisdiction to vindicate such rights, Congress must be afforded the same luxury, *Haywood* at 734-36 ("[F]ederal law is as much the law of the several States as are the laws passed by their legislatures."). Georgia courts therefore have subject matter jurisdiction over this case, regardless of whether there exists federal subject matter jurisdiction.

### 2. Georgia Permits Conclusory Allegations.

The Complaint in this action was filed in Georgia State Courts pursuant to Georgia pleading standards. "In Georgia, '[t]here are no prohibitions in the rules against pleading conclusions and, if pleaded, they may be considered in determining whether a complaint sufficiently states a claim for relief.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) (quoting *Guthrie v. Monumental Props., Inc.*, 232 S.E.2d 369, 371 (Ga. App. 1977)). "[U]nder Georgia's notice pleading standard, 'it is immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states conclusions or facts.'" *Id.* (quoting *Carley v. Lewis*, 472 S.E.2d 109, 110-11 (Ga. App. 1996)).

This is critically important here, because even if Plaintiff's Complaint was too conclusory for the purposes of alleging standing in this Court, the Complaint easily meets the pleading standards in Georgia State Court. While *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) and its progeny certainly apply to the question of whether *this court* has jurisdiction, *See Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924-25 (11th Cir. 2020), they do not apply when determining the

sufficiency of the allegations of an injury in Georgia State Court. *See Collins v. Athens Orthopedic Clinic, P.A.*, 307 Ga. 555, 565 (2019) (distinguishing federal cases applying federal pleading standards to determine if an injury is pleaded). In Georgia, "the discovery process bears the burden of filling in details." *Id.*

Accordingly, even if the Georgia Court were to apply federal Article III principles to the invasion of a private legal right and then disagree with the Ninth Circuit's holding in *Syed* (supra) that similar allegations appropriately allege a concrete injury, it would still have jurisdiction at this stage of the proceedings unless "the allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks." *Roberts v. DuPont Pine Products, LLC*, 835 S.E.2d 661, 665 (Ga. App. 2019). Under this scenario, a remand would avoid the scenario of *Muransky* where the divided en banc Court applied federal plausibility pleading standards to vacate the settlement. 979 F.3d at 936.

## CONCLUSION

While Plaintiff believes this Court has jurisdiction for the reasons articulated in *Syed v. MI, LLC*, 853 F.3d 492 (9th Cir. 2017) and *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623 (E.D. Va. 2016), he believes that the split of

authority among federal courts and the evolving application of the principles of Article III standing coupled with federal pleading standards counsels remand of this action the State Court.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:  */s/ Chelsea R. Feagle*
 Chelsea R. Feagle
 Georgia Bar No. 110863
 James M. Feagle
 Georgia Bar No. 256916
 Justin T. Holcombe
 Georgia Bar No. 552100
 2374 Main Street, Suite B
 Tucker, GA  30084
 404/ 373-1970
 404 / 601-1855 fax

-11-